IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-115-GMS |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

The *pro se* plaintiff Errick Wright ("Wright") filed this action on October 27, 2014, (D.I. 1-2), alleging that defendant Experian Information Solutions, Inc. ("Experian") committed fraud by deception, conspiracy to defraud, and defamation concerning his credit account with Verizon Wireless. Subsequently, Wright filed an unopposed Motion to Amend to which he attached an Amended Complaint. In this Amended Complaint, Wright claimed that Experian inaccurately reported accounts included in his credit report and failed to properly investigate disputes in violation of 15 U.S.C. §§ 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"). (D.I. 82, 82-1.) Experian moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (D.I. 99.) For the reasons that follow, the court will grant Experian's motion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Wright's Complaint alleges that Experian committed fraud to "deceive Plaintiff to secure an unfair and unlawful financial gain" (D.I. 1-2 at 8), and that Experian and the former co-defendants "engaged in unlawful conduct and conspired against the Plaintiff to collect an unlawful financial gain in the amount of $4, 222.75." (D.I. 1-2 at 11.) Wright also alleges claims of libel

1

and slander based on "oral and/or written false statements to various third parties receiving Plaintiff's consumer information . . . stat[ing] incorrectly [that] Plaintiff owed $4,477.25" to Verizon. (D.I. 1-2 at 13.) Wright's proposed Amended Complaint asserts that Experian has failed to adopt and follow reasonable procedures as mandated by § 1681e(b) of the FCRA. (D.I. 82-1.) Wright also alleges that Experian failed to adequately investigate when he disputed his account records in violation of 15 U.S.C. § 1681i(a), the FCRA provision which mandates that credit reporting agencies reinvestigate consumer disputes. Specifically, Wright contends Experian reported inaccurate credit information related to his account with Verizon Wireless. (D.I. 82-1.) Wright asserts that Experian's failure to properly reinvestigate has damaged his credit and reputation. (D.I. 82-1.)

On February 10, 2016, the court entered a Scheduling Order setting the discovery deadline as May 10, 2016, and the deadline for dispositive motions as July 11, 2016. (D.I. 76). Consistent with the Order, Experian served Wright with Requests for Admissions (D.I. 77), Request for Production (D.I. 78), and Interrogatories (D.I. 79) on February 24, 2016. On March 23, 2016, Wright filed a Motion to Strike Experian's Discovery Requests (D.I. 87), and Experian filed an opposition brief on March 29, 2016. (D.I. 88.) Further, Experian filed a Motion to Compel Wright to respond to Experian's discovery requests on May 6, 2016. (D.I. 95.) Wright has not properly responded or objected to Experian's discovery requests and failed to conduct his own discovery by the discovery deadline.

Experian filed this pending motion for summary judgment on July 11, 2016. On August 5, 2016, the court granted Wright's motion for extension of time to file a response to Experian's motion for summary judgment. (D.I. 105.) After Wright failed to respond by the August 12, 2016 deadline, the court ordered Wright to respond by October 26, 2016. (D.I. 106.) Presently, Wright

2

has yet to respond to the motion for summary judgment or make any attempt to litigate this case since August 3, 2016.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). However, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)(1)(A), the court may consider those facts undisputed for the purpose of the summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

## IV. DISCUSSION

Experian argues that it is entitled to the entry of summary judgment against Wright on each of his claims because during the discovery period Wright has failed to adduce facts that might prove the elements of his various claims. Experian contends that Wright's failure to comply with Rule 56 results in the admission of facts that bar each of his claims as a matter of law. The court will address each of Wright's claims in both the original and proposed amended complaints and the impact of his apparent failure to comply with the Federal Rules of Civil Procedure in turn.

3

As a preliminary matter, the court agrees that Wright's Motion to Strike Defendants' Discovery Request (D.I. 87) does not function as a timely objection. Experian argues that Wright failed to answer or object to Experian's requests for admission, because Wright's moved to strike based on Federal Rule of Civil Procedure 12(f)(2), which deals with striking matters from pleadings. (D.I. 100 at 11.) As a result of Wright's failure to timely respond to these requests within thirty days, Experian contends that Wright admitted key elements of each of his claims, and that these admissions are fatal to Wright's cause of action. The court recognizes, however, that Wright proceeds *pro se*, and will not hold this procedural error against him. Nevertheless, as previously noted, the court will grant the motion but without relying on the purportedly admitted facts.

### A. Original Complaint: Fraud, Civil Conspiracy, Defamation

First, Wright alleges common law fraud against Experian. (D.I. 1-2 at 8-9.) To prove common law fraud in Delaware requires (1) a false representation made by the defendant, (2) the defendant's knowledge as to its falsity or reckless indifference for its truth, (3) an intent to induce the plaintiff to act based upon that representation, (4) the plaintiff's justifiable reliance upon the false representation, and (5) damage to the plaintiff as a result of such reliance. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992). Rule 56(c)(1) requires that a party support his factual position. The opportunity to do this is during the period for discovery allotted by the court. Wright failed to engage the discovery process. As a consequence, his fraud claim cannot stand. Experian is entitled to summary judgment on this claim.

Second, Wright alleges a civil conspiracy by Experian to defraud him. (D.I. 1-2 at 10-11.) To maintain a civil conspiracy claim, a plaintiff must show (1) a confederation of two or more persons, (2) some unlawful conduct done in furtherance of the conspiracy, and (3) actual legal damage resulting to the plaintiff. *McLaughlin v. Copeland*, 455 F. Supp. 749, 752 (D. Del. 1978).

Importantly, "the plaintiff must allege an underlying actionable tort by each defendant. 'It is not the conspiracy itself, but rather the underlying wrong that must be actionable, even without the alleged conspiracy.'" *Abbott v. Gordon*, C.A. No. 04C-09-055 PLA, 2008 WL 821522, at *17 (Del Super. Ct. Mar. 27, 2008). For the reasons just noted, Wright cannot establish the underlying conduct necessary to prove civil conspiracy. Thus, Experian is entitled to summary judgment on this claim.

Wright also claims that Experian's inaccurate reporting of his account information caused him to be defamed. (D.I. 1-2 at 12-13.) To prove defamation under Delaware law, a plaintiff must establish: (1) the existence of a defamatory communication; (2) that the communication was published to a third party; (3) that the communication refers to the plaintiff; (4) that the communication is defamatory in character; and (5) injury. *Calloway v. Green Tree Servicing*, 607 F. Supp. 2d 669, 675 (D. Del. 2009). As discussed and, again, as a result of his own failure to engage the discovery process, Wright has failed to establish any facts that might support his defamation claim. As a result the court will grant summary judgment for Experian.

### B. Proposed Amended Complaint: FCRA Violations

Wright asserts that Experian failed to employ reasonable procedures to assure the accuracy of his credit report in violation of § 1681e(b). In order to succeed on a § 1681e(b) claim, Wright must establish each of the following four elements: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to Experian's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered an injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010). Again, because Wright has not engaged the discovery process, he cannot establish any of the essential facts of this claim. *See Schwetizer v. Equifax Info. Solutions, LLC*, 441 Fed. Appx. 896,

902 (3d Cir. 2011) (affirming the entry of summary judgment in favor of the credit reporting agency when the plaintiff failed to provide evidence that his credit reports actually contained inaccurate information). Therefore, Experian is entitled to summary judgment on this FCRA claim.

In addition, Wright claims that Experian failed to conduct reasonable reinvestigations in violation of § 1681i(a). Experian responds that it conducted six separate investigations of the Verizon account that affirmed the account was accurately reported. (D.I. 102, Methvin Decl. ¶¶ 7, 12-13.) To demonstrate that a reinvestigation was unreasonable under the FCRA, Wright must show that (1) his credit file contained inaccurate information, (2) he notified Experian directly of the inaccurate information, (3) his dispute was not frivolous, (4) Experian failed to respond to his dispute, and (5) Experian's failure to respond caused Wright to suffer actual damages. *See* 15 U.S.C. § 1681i(a). Here, Wright cannot show that a genuine issue of material fact exists as to any element of his reasonable investigation claim because he has not conducted discovery. Thus, Experian is entitled to summary judgment on this claim.

## V. CONCLUSION

For the foregoing reasons, the court will grant Experian's motion for summary judgment. (D.I. 99.)

Date: Nov. 7, 2016

UNITED STATES DISTRICT JUDGE